```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
LEE ROBINSON,

                Plaintiff,

        -against-                      ORDER ADOPTING
                                       REPORT AND RECOMMENDATION
                                       06-CV-3852(JS)(WDW)
WARDEN OF THE SUFFOLK COUNTY JAIL,

                Defendant.
----------------------------------X
APPEARANCES:

For Plaintiff:      Lee Robinson, Pro Se
                    2 Aldersgate
                    Apt. 1012
                    Riverhead, NY 11901

For Defendant:      Richard T. Dunne, Esq.
                    Suffolk County Department of Law
                    H. Lee Dennison Building
                    100 Veterans Memorial Highway
                    Hauppauge, NY 11788
```

SEYBERT, District Judge:

On July 26, 2006, Lee Robinson ("Plaintiff") commenced this action against the Warden of the Suffolk County Jail alleging that there has not been any Islamic service at the Suffolk County Jail, that a fight broke out among the inmates in front of Plaintiff, and that two female officers attempted to assail Plaintiff when he asked for a prisoner grievance form. Pending before the Court is a Report and Recommendation from Magistrate Judge William D. Wall recommending that this Court dismiss Plaintiff's Complaint. For the reasons stated below, the Court adopts Magistrate Wall's Report in its entirely and DISMISSES

Plaintiff's action.

## DISCUSSION

Plaintiff has repeatedly failed to comply with the Court's orders. On or about October 16, 2007, Plaintiff wrote to the Court and informed the Court that he was no longer incarcerated. Plaintiff provided the Court with his updated mailing address and two phone numbers where he could be reached for telephone conferences.

On September 27, 2007, Defendant informed the Court that it had served Plaintiff on July 5, 2007 with special interrogatories, but Plaintiff had not yet answered. On December 14, 2007, Magistrate Judge Wall directed Defendant to re-serve its discovery demands on Plaintiff, who had not answered the earlier discovery demands, and ordered Plaintiff to respond to the demands within thirty days of service. Magistrate Judge Wall scheduled a telephone conference for March 28, 2008.

On March 28, 2008, Defendant initiated the conference by telephoning Plaintiff at his address of record. Defendant informed Magistrate Judge Wall that there was no answer to the telephone calls, and that Plaintiff still had not answered Defendant's discovery demands. Magistrate Judge Wall issued an Order affording Plaintiff one final opportunity to prosecute his case, and granting Plaintiff until April 14, 2008 to serve an answer to Defendant's interrogatories. Judge Wall scheduled another conference for April

18, 2008, and warned Plaintiff that failure to comply with the Order might result in a dismissal of his action with prejudice. A copy of the Order was sent to Plaintiff's home address.

On April 18, 2008, the Clerk of the Court noted that Magistrate Judge Wall's Order had been returned to the Court as undeliverable. On that same date, defense counsel appeared for the scheduled conference, but Plaintiff did not. Plaintiff still had not responded to Defendant's interrogatories. Judge Wall recommends that the Court dismiss Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) because Plaintiff failed to comply with the previous Orders, failed to inform the Court of his current address, and failed to prosecute his case.

Pursuant to Rule 72 of the Federal Rule of Civil Procedure, any objections to the Report were to be filed with the Clerk of the Court within ten days of service of the Report. The time for filing objections has expired and no party has objected.

The Second Circuit has held that district courts dismissing a plaintiff's complaint for failure to prosecute or failure to comply with a court's orders must first consider: "1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be

heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal." Baffa v. Donaldson, 222 F.3d 52, 63 (2d Cir. N.Y. 2000). Here, the Court notes that Plaintiff repeatedly failed to comply with Magistrate Judge Walls' discovery orders. Plaintiff was advised in December of 2007 that he had thirty days to comply with Defendant's discovery requests. In April of 2008, four months after Judge Wall's Order, Plaintiff still had not responded to the discovery demands. Additionally, Plaintiff twice failed to appear for a scheduled conference, and the Court has not heard from Plaintiff since October of 2007. The Court notes that Plaintiff is no longer incarcerated, and therefore should have an unrestricted ability to contact the Court and to otherwise keep informed of the status of his case. Moreover, prejudice to Defendant is likely to result if Defendant must spend time and resources to appear for Court conferences where Plaintiff does not present himself, and repeatedly send discovery demands that are unanswered.

Plaintiff had a duty to apprise the Court of his updated contact information, to comply with the Court's Orders, and to appear for scheduled conferences. Because Plaintiff failed to meet that duty, the Court finds that Plaintiff's actions, or lack thereof, warrant dismissal of Plaintiff's Complaint. See Boyd v. City of New York, No. 05-CV-5747, 2008 U.S. Dist. LEXIS 32671, at *2 (E.D.N.Y. Apr. 21, 2008) (dismissing pro se plaintiff's case for

failure to prosecute); <u>Oparaji v. N.Y. City Dep't of Educ.</u>, No. 02-CV-3900, 2006 U.S. Dist. LEXIS 56481, at *4 n.1 (E.D.N.Y. July 19, 2006) ("It is well-established that a district court may, as here, exercise its discretion and even sua sponte dismiss an action for failure to prosecute."). Accordingly, the Court adopts Magistrate Judge Wall's recommendation and dismisses Plaintiff's case for failure to prosecute.

<u>CONCLUSION</u>

For the reasons stated above, the Court ADOPTS Magistrate Judge Wall's Report and Recommendation in its entirety, and DISMISSES Plaintiff's action with prejudice.

SO ORDERED

<u>/s/ JOANNA SEYBERT</u>
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
June 3, 2008